UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACY and JOHN MCKINNES
Individually and as Natural Guardians
of C.M., a minor, in his individual
capacity,

      Plaintiffs,

v.

THE SCHOOL BOARD OF CHARLOTTE
COUNTY, FLORIDA,
BABCOCK NEIGHBORHOOD
SCHOOL, INC., HEATHER TACK,
IN HER INDIVIDUAL CAPACITY,
TARA BODE, IN HER INDIVIDUAL
CAPACITY, TERRENCE GUETLER,
IN HIS INDIVIDUAL CAPACITY, and
CAITLAN MORRIS, IN HER INDIVIDUAL
CAPACITY,

      Defendants.

_____/

Case No. 2:26-cv-00467-SPC-NPM
Judge Sheri Polster Chappell

## DEFENDANT GUETLER'S MOTION TO DISMISS AMENDED COMPLAINT [DE 10] (AND MEMORANDUM OF LAW)

Defendant TERRANCE GUETLER[1], in his individual capacity, through his

undersigned counsel, hereby files this Motion to Dismiss the Amended Complaint

[DE 10] (and Memorandum of Law) and in support thereof would state as follows:

---

[1] The Amended Complaint misspells this Defendant's first name as Terrence.

1

1.      On February 20, 2026, the subject lawsuit was instituted when the Plaintiffs Stacy and John McKinnes, through counsel, filed a Complaint in their individual capacities and on behalf of their minor child, C.M. Thereafter, a six count[2] Amended Complaint was filed [DE 10]. Named in the Amended Complaint are the School Board of Charlotte County, Florida, and Babcock Neighborhood School, Inc. ("the School"), as well as numerous individuals[3] including Defendant Terrance Guetler who is a Charlotte County Sheriff's deputy working as a school resource officer at Babcock Neighborhood School. In essence, the Amended Complaint concerns the Plaintiffs' dissatisfaction with the way they and their son were treated

---

[2]The Counts in the Amended Complaint are as follows:

COUNT I: Discrimination Under the Americans With Disabilities Act–Denied The Benefits Of Educational Services By Reason Of Disability (C.M. vs. Defendants, School Board and Babcock);

COUNT II: Discrimination Under § 504 Of the Rehabilitation Act (C.M. vs. Defendants, School Board and Babcock);

COUNT III: Retaliation Under the Americans With Disabilities Act (Stacy M., John M., And C.M. vs. Defendants, School Board and Babcock);

COUNT IV: Retaliation Under Section 504 Of the Rehabilitation Act (Stacy M., John M., And C.M. vs. Defendants, School Board and Babcock);

COUNT V: State Created Danger - 42 U.S.C. § 1983 (C.M. vs. Defendants, School Board and Babcock) and

COUNT VI: Negligence (Plaintiffs vs. Defendants, School Board, Babcock, Tack, in her individual capacity, Bode, in her individual capacity, Guetler, in his individual capacity, and Morris, in her individual capacity).

[3] Also named as Defendants are Heather Tack, in her Individual Capacity (the School's Principal), Tara Bode, in her Individual Capacity (the School's Assistant Principal) , and Caitlan Morris, in her Individual Capacity (the School's Counselor). These Defendants are represented by separate counsel.

2

by employees of their son's Elementary school (Babcock) stemming from two incidents that occurred at the school involving their son, Plaintiff C.M.

2.     The Amended Complaint contains a single Count against Defendant Guetler for Negligence (Count VI). Plaintiffs seek numerous types of damages and other relief.  [DE 10, pg. 34].

3.     The Amended Complaint is subject to dismissal as it is a shot gun pleading and fails to state a claim for relief as to Defendant Guetler.

WHEREFORE, Defendant Guetler would respectfully request that this Honorable Court enter an Order granting his Motion to Dismiss.

FURTHER, and in support of this Motion, this Defendant would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

### I. Plaintiffs' Amended Complaint is an Improper Shotgun Pleading

Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. Hinshon v. King & Spalding, 467 U.S. 69, 73 (1984). However, the Court need not accept legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements, do not suffice." Id. A "formulaic recitation of the elements of a cause of action" will not pass 12(b)(6) muster. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).

Federal Rule of Civil Procedure 10(b) requires parties to plead claims and defenses in numbered paragraphs and to separate claims founded on separate transactions or occurrences. Fed. R. Civ. P. 10(b). Failure to comply with these pleading guidelines results in shotgun pleadings, which are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) (acknowledging that "a 'shotgun' approach to litigation . . . leav[es] the court with the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses").

The Eleventh Circuit has identified four categories of shotgun pleadings: "complaint[s] containing multiple counts where each count adopts the allegations of all preceding counts"; complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; complaints that do not separate into a different count each cause of action or claim for relief; and complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "[T]o one degree or

4

another," shotgun pleadings fail to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Counts II through VI of the Amended Complaint incorporate by reference all preceding paragraphs of the pleading. [See DE 10, ¶¶ 99, 118, 126, 133 and 146]. This is a quintessential 'shotgun' pleading and is improper. See Weiland, 792 F.3d at 1321 (footnote 11). Further, Count VI of the Amended Complaint is brought against not only Defendant Guetler in his individual capacity but also all other Defendants (i.e. School Board, Babcock School and Defendants Tack and Morris in their individual capacities) and confusingly commingles the purported actions of all Defendants as a basis for an alleged breach of an alleged duty of care purportedly owed by the Defendants to Plaintiff C.M. [See DE 10, ¶¶146 - 154]. For these reasons, the Amended Complaint makes it impossible for the Defendant Guetler or the Court to know exactly what allegations Plaintiffs attribute to him, and thus it is properly dismissed.

## II. Count VI of the Amended Complaint Fails to State a Claim; Defendant Guetler is entitled to statutory immunity as to Count VI of the Amended Complaint

In Count VI of the Amended Complaint, all three Plaintiffs attempt to assert a claim for Negligence against Defendant Guetler, in his individual capacity (as well as other individuals see supra). The elements of a negligence cause of action are duty, breach, causation, and damages. Miller By and Through Miller v. Foster, 686

So.2d 783 (Fla. 4th DCA 1997). The basis for the negligence claim in Count VI is alleged to be a duty owed to Plaintiff C.M. "to exercise reasonable care in supervising, disciplining, and responding to C.M.'s needs while Plaintiff was under Defendants' custody and control, and to provide a free and appropriate public education to Plaintiff, C.M." [DE 10, ¶149]. However, the Amended Complaint does not set forth any alleged legal duty that was owed to Plaintiffs Stacy and John McKinnes by this Defendant.

Furthermore, such a claim brought against an employee, officer or agent of the state or its subdivisions such as Defendant Guetler is governed by Florida's sovereign immunity law which allows for the imposition of liability on such an employee, officer or agent only when the tort is committed outside the course and scope of their employment or where the employee, officer or agent's conduct was committed in bad faith or with a malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. See Florida Statute 768.28(9)(a).[4]

---

[4] Florida Statute 768.28(9)(a) states in pertinent part: "No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."

Here, Plaintiffs allege Defendant Guetler "was employed by the Defendant, SCHOOL BOARD, and Defendant, BABCOCK, as a School Resource Officer, and also by the Charlotte County Sheriff's Office, and was acting within the course and scope of his employment, and an agent of Defendants SCHOOL BOARD and BABCOCK" and is being sued "for actions taken recklessly and with willful disregard for student safety and education." [See DE 10, ¶7].  However, this language is insufficient to overcome Defendant Guetler's immunity under the statute which requires actions taken in "bad faith" or "with malicious purpose" or in a manner "exhibiting *wanton and willful* disregard of human rights, safety, or property." (See F.S. 768.28(9)(a)(emphasis added).

Furthermore, to be stripped of immunity the alleged actions of the individual officer must be more than merely negligent. The law defines "'wanton and willful disregard of human rights or safety,' [as] conduct that is worse than gross negligence. Wanton means with a conscious and intentional indifference to consequences and with the knowledge that damage is likely to be done to persons or property. Willful means intentionally, knowingly and purposely. Together those terms describe conduct much more reprehensible and unacceptable than [even] mere intentional conduct. Coleman v. Hillsborough County, 41 F.4th 1319, 1325 (11th Cir. 2022) (internal citations omitted).

Here, the alleged actions of Defendant Guetler which do not even involve an arrest or use of force upon the Plaintiffs but rather Guelter allegedly telling C.M. he "would be going to jail" (but not arresting him), mischaracterizing a lunch room incident, speaking with Plaintiffs Stacy and John McKinnes regarding charges being lodged by another parent for C.M.'s actions toward their child, and going to their home to serve a no trespass warning at the behest of the School (see DE 10, ¶¶29, 47, 52-58, 78-79, 148-152) permits the Court to conclude, as a matter of law, that the provision of F.S. 768.28(9) which immunizes individuals unless their actions are taken in bad faith, with a malicious purpose, or in wanton and willful disregard of human rights is applicable to the Defendant entitling him to immunity under that statutory scheme.

For the foregoing reasons, this Motion to Dismiss should be granted.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Undersigned counsel certifies, pursuant to Rule 3.01(g), of the United States District Court Rules, Middle District of Florida, that she attempted to confer with the Plaintiff's counsel Joseph Montgomery via email on March 24, 2026 and again on March 25, 2026, but was unsuccessful. Undersigned counsel will diligently try to contact Plaintiff to confer on the relief requested in this motion and will timely supplement this motion when that occurs.

Dated this 25th day of March, 2026.

*s/ Summer M. Barranco*
SUMMER M. BARRANCO, ESQUIRE
Fla. Bar No. 984663

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send an electronic copy to: **Joseph Montgomery, Esq.**, Montgomery Law Office, PLLC, 631 US 1, Suite 202 North Palm Beach, FL 33408 Email address: joe@educationlawyers.com; **Jeffrey W. Hurcomb, Esq.,** Roberts, Reynolds, Bedard & Tuzzio, 5237 Summerlin Commons Blvd, Ste. 118, Fort Myers, 33907 Email address: jhurcomb@rrbpa.com this 25th day of March, 2026.

*/s/ Summer M. Barranco*
SUMMER M. BARRANCO, ESQUIRE
Fla. Bar No. 984663
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:  (954) 462-3200
E-mail: Summer@purdylaw.com; Isabella@purdylaw.com
Attorneys for *Defendant Guetler*

9