26-188/JWH/jm

## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA FORT MYERS DIVISION

**CASE NO.: 2:26-cv-00467-SPC-NPM**

STACY AND JOHN MCKINNES
INDIVIDUALLY AND AS NATURAL
GUARDIANS OF C.M., A MINOR, IN
HIS INDIVIDUAL CAPACITY,

        Plaintiffs,

vs.

THE SCHOOL BOARD OF
CHARLOTTE COUNTY, FLORIDA,
BABCOCK NEIGHBORHOOD
SCHOOL, INC., HEATHER TACK, IN
HER INDIVIDUAL CAPACITY, TARA
BODE, IN HER INDIVIDUAL
CAPACITY, TERRENCE GUETLER, IN
HIS INDIVIDUAL CAPACITY,
CAITLAN MORRIS, IN HER
INDIVIDUAL CAPACITY,

        Defendants.

_____/

## DEFENDANTS BABCOCK NEIGHBORHOOD SCHOOL, INC., HEATHER TACK, TARA BODE, AND CAITLAN MORRIS' MOTION TO DISMISS AMENDED COMPLAINT [DE 10] AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Defendants, BABCOCK NEIGHBORHOOD SCHOOL,

INC. ("Babcock"), HEATHER TACK, in her individual capacity, TARA BODE, in

her individual capacity, and CAITLAN MORRIS, in her individual capacity, by and

1

through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(c), and 10(b), respectfully move this Court to dismiss Plaintiffs' Amended Complaint [DE 10], or, alternatively, to dismiss Count VI and require Plaintiffs to replead. In support thereof, Defendants state as follows:

## I.    INTRODUCTION

Plaintiffs, STACY and JOHN MCKINNES, individually and as Natural Guardians of C.M., a minor, filed this action arising from their dissatisfaction with how Babcock Neighborhood School and certain school personnel allegedly responded to school-based incidents involving C.M. Plaintiffs allege that C.M. was a student at Babcock Neighborhood School and that the events at issue involved Babcock personnel, school discipline, behavioral response, alleged accommodations, and communications with Plaintiffs following incidents occurring at school. See *Am. Compl.* [DE 10], ¶¶7, 29, 47, 52-58, 78-79, 148-152.

Plaintiffs' Amended Complaint asserts six counts. Counts I and II assert disability-discrimination claims under the Americans with Disabilities Act and § 504 of the Rehabilitation Act against the School Board of Charlotte County, Florida and Babcock. Counts III and IV assert retaliation claims under the ADA and § 504 against the School Board and Babcock. Count V asserts a "state-created danger" claim under 42 U.S.C. § 1983 against the School Board and Babcock. Count VI asserts negligence against the School Board, Babcock, Tack, Bode, Guetler, and Morris. See *Am. Compl.* [DE 10], Counts I-VI; see also *Id.* ¶¶ 99, 118, 126, 133, 146.

Since the filing of the Amended Complaint, Plaintiffs have voluntarily

dismissed the School Board of Charlotte County, Florida with prejudice. Accordingly, as relevant to this Motion, the remaining Defendants are Babcock, Tack, Bode, Morris and separately represented Defendant Terrence Guetler. The School Board's dismissal further highlights a threshold pleading problem: the Amended Complaint continues to structure multiple counts and allegations around the School Board and Babcock collectively, even though the School Board is no longer a party.

At the threshold, the Amended Complaint is an impermissible shotgun pleading. Counts II through VI incorporate all preceding paragraphs, including allegations supporting unrelated ADA, Rehabilitation Act, retaliation, § 1983, and state-law negligence theories. See *Am. Compl.* [DE 10], ¶¶ 99, 118, 126, 133, 146. Count VI then asserts a single negligence claim against multiple Defendants collectively, including Babcock, Tack, Bode, Morris, Guetler, and the now-dismissed School Board, without clearly identifying which factual allegations support the negligence claim against which Defendant. See *Id*. ¶¶ 146-154. This pleading structure forces each Defendant and the Court to sift through the entire Amended Complaint to determine what each Defendant allegedly did, what legal duty each Defendant allegedly owed, how each Defendant allegedly breached that duty, and what facts supposedly avoid statutory immunity.

Count VI also fails for an independent and dispositive reason as to Babcock. Plaintiffs allege that Defendants owed C.M. a duty "to exercise reasonable care in supervising, disciplining, and responding to C.M.'s needs while Plaintiff was under Defendants' custody and control, and to provide a free and appropriate public

education to Plaintiff, C.M." See *Am. Compl.* [DE 10], ¶ 149. Plaintiffs further allege, in conclusory fashion, that they provided written notice of claim to Defendants in compliance with "Section 768.28(c)" and that Defendants denied the claim. See *Id*. ¶ 147. But § 768.28(c) is not the presuit notice provision and Plaintiffs do not plead facts showing that they complied with § 768.28(6), Florida Statutes, before filing suit. Specifically, Plaintiffs do not allege facts showing timely written presuit notice to Babcock, timely written presuit notice to the Department of Financial Services, expiration of the statutory investigation period, or denial of a qualifying presuit claim before this action was instituted.

Defendants specifically deny compliance with § 768.28(6). Based on the information presently available to Defendants, Plaintiffs did not provide qualifying presuit written notice to Babcock or the Department of Financial Services before filing suit. The filed Complaint and related litigation materials appear to have served as Defendants' first notice of the claim. A filed Complaint cannot satisfy a statutory requirement that presuit notice be given before an action is instituted. Accordingly, Count VI is premature and should be dismissed, or alternatively abated, as to Babcock.

Count VI also fails as to Tack, Bode, and Morris. Plaintiffs sue these school personnel in their individual capacities, but the Amended Complaint alleges conduct arising from their alleged school roles and from actions allegedly taken in connection with supervising, disciplining, accommodating, communicating about, or responding to C.M. See *Am. Compl.* [DE 10], ¶¶ 29, 47, 52-58, 78-79, 148-152. Plaintiffs' negligence theory is pleaded collectively against all Defendants and is framed as a

failure to exercise reasonable care. See *Id.* ¶¶ 146-154. Plaintiffs do not plead individualized facts showing that Tack, Bode, or Morris acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, as required to impose personal tort liability under § 768.28(9)(a), Florida Statutes.

Plaintiffs may argue, as they did in response to Defendant Guetler's Motion to Dismiss, that the Amended Complaint is detailed enough and that whether conduct rises to the level of willful and wanton conduct is a jury question. That anticipated response does not cure the pleading defects. The question at this stage is not whether Plaintiffs can characterize school employees' conduct using heightened adjectives. The question is whether Plaintiffs have pleaded nonconclusory, individualized facts showing that each individual Defendant acted with the extraordinary culpability required to strip statutory immunity. They have not. Count VI remains a negligence claim based on collective allegations that "Defendants" breached generalized duties owed to C.M. See *Am. Compl.* [DE 10], ¶¶ 146-154.

Accordingly, the Amended Complaint should be dismissed. At minimum, Count VI should be dismissed as to Babcock for failure to comply with § 768.28(6), Florida Statutes, and as to Tack, Bode, and Morris under § 768.28(9)(a), Florida Statutes. Alternatively, the Court should dismiss the Amended Complaint as a shotgun pleading and require Plaintiffs to file a second amended complaint that separately identifies the factual and legal basis for each claim against each remaining Defendant.

## II.     LEGAL STANDARD UNDER RULES 12(b)(6) AND 9(c)

Under Rule 12(b)(6), dismissal is warranted where the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must contain more than mere conclusory allegations or a formulaic recitation of the elements of a cause of action. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678. Pleadings that rely on "naked assertions" devoid of "further factual enhancement" cannot survive dismissal. *Twombly*, 550 U.S. at 557. A plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the alleged misconduct. *Id.* at 556. Federal Rule of Civil Procedure 9(c) governs pleading conditions precedent. Although conditions precedent may be alleged generally, a party denying that a condition precedent occurred or was performed must do so with particularity. Fed. R. Civ. P. 9(c). This standard applies to Defendants' denial of Plaintiffs' alleged compliance with the presuit notice and denial requirements of § 768.28(6), Florida Statutes, because § 768.28(6)(b) expressly provides that those requirements are conditions precedent to maintaining an action.

## III.    PLAINTIFFS' AMENDED COMPLAINT IS AN IMPROPER SHOTGUN PLEADING

Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss, the Court must accept all well-pleaded factual

6

allegations as true. *Hinson v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the Court need not accept legal conclusions as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A "formulaic recitation of the elements of a cause of action" will not pass Rule 12(b)(6) muster. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 10(b) further requires parties to state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and to state claims founded on separate transactions or occurrences in separate counts where doing so would promote clarity. Fed. R. Civ. P. 10(b). The purpose of these pleading rules is to require a complaint to give each defendant fair notice of the claim asserted against that defendant and the grounds upon which that claim rests. Failure to comply with these pleading requirements results in shotgun pleadings, which are "altogether unacceptable." *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).

The Eleventh Circuit has identified four categories of shotgun pleadings: complaints "containing multiple counts where each count adopts the allegations of all preceding counts"; complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; complaints that do not separate into a different count each cause of action or claim for relief; and complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants

7

the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic" of all shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

Plaintiffs' Amended Complaint falls within multiple *Weiland* categories. Counts II through VI incorporate by reference all preceding paragraphs of the pleading. See *Am. Compl*. [DE 10], ¶¶ 99, 118, 126, 133, 146. This means that by the time the Court reaches Count VI, Plaintiffs' negligence count has incorporated every preceding allegation, including allegations supporting disability discrimination, § 504 discrimination, ADA retaliation, § 504 retaliation, and a § 1983 state-created danger claim. See *Id*. ¶¶ 99, 118, 126, 133, 146. The result is a pleading that requires Defendants and the Court to sift through the entire Amended Complaint to determine which factual allegations supposedly support which claim against which Defendant.

The defect is especially pronounced in Count VI. Count VI is asserted collectively against the School Board, Babcock, Tack, Bode, Guetler, and Morris. See *Am. Compl*. [DE 10], ¶¶ 146-154. Plaintiffs allege that "Defendants" owed Plaintiff C.M. a duty "to exercise reasonable care in supervising, disciplining, and responding to C.M.'s needs while Plaintiff was under Defendants' custody and control, and to provide a free and appropriate public education to Plaintiff, C.M." *Id*. ¶ 149. Plaintiffs then allege that "Defendants" breached that generalized duty by failing to provide a safe educational environment, failing to follow policies and procedures, failing to properly supervise, discipline, and respond to C.M.'s needs, and otherwise deviating

from applicable standards. See *Id.* ¶¶ 148-152. Those allegations are pleaded collectively. They do not identify what Babcock allegedly did, what Tack allegedly did, what Bode allegedly did, what Morris allegedly did or what conduct is attributed only to separately represented Defendant Guetler.

This group pleading impacts Defendants' response to Plaintiffs' Complaint because Plaintiffs sue different types of Defendants under different legal theories. Babcock is sued as the charter school entity. Tack, Bode, and Morris are sued in their individual capacities. Guetler is sued separately in his individual capacity. The School Board, which was also included in Count VI, has since been voluntarily dismissed with prejudice. Yet Count VI still pleads all Defendants together as though they are interchangeable actors. See *Am. Compl.* [DE 10], ¶¶ 146-154. A negligence count that collectively alleges that "Defendants" owed and breached duties does not provide fair notice of which Defendant is alleged to have committed which act or omission.

The Amended Complaint also fails to separate the factual allegations by Defendant. For example, the Amended Complaint contains allegations concerning Defendant Guetler telling C.M. he "would be going to jail," mischaracterizing an incident, speaking with Plaintiffs about charges allegedly being lodged by another parent and going to Plaintiffs' home to serve a trespass warning. See *Am. Compl.* [DE 10], ¶¶ 29, 47, 52-58, 78-79, 148-152. Those allegations are then incorporated into Count VI against Babcock, Tack, Bode, and Morris without explaining which of those facts, if any, are being asserted against each of these Defendants. See *Id.* ¶¶ 146-154. Similarly, Plaintiffs reference alleged deviations from behavior intervention protocols

and Babcock policies and procedures but Count VI does not identify which specific policy was allegedly violated by which specific Defendant, when the violation occurred or how that alleged violation separately supports liability against Babcock, Tack, Bode or Morris. See *Id.* ¶¶ 148-152.

Plaintiffs may contend that the Amended Complaint contains sufficient factual detail and that incorporating prior allegations merely avoids repetition. That contention misses the point. The issue is not whether Plaintiffs have provided a lengthy factual narrative. The issue is whether Plaintiffs have connected specific factual allegations to specific legal claims against specific Defendants. **They have not.** A complaint can be detailed and still be a shotgun pleading when it forces each Defendant to guess which allegations are directed to that Defendant and which allegations support each cause of action.

Nor can Plaintiffs cure the shotgun defect by asserting that all facts support all counts. Counts I and II assert disability discrimination claims against the School Board and Babcock. Counts III and IV assert retaliation claims against the School Board and Babcock. Count V asserts a §1983 state created "danger claim" against the School Board and Babcock. Count VI asserts negligence against Babcock and the individual Defendants. See *Am. Compl.* [DE 10], Counts I-VI; *Id.* ¶¶ 99, 118, 126, 133, 146. These claims involve different elements, different defenses, different defendants and also different immunity issues. Plaintiffs cannot avoid their pleading burden by incorporating all preceding allegations into each count and then asserting that every fact supports every theory.

10

This pleading defect is particularly prejudicial to Babcock, Tack, Bode and Morris because Count VI implicates statutory immunity defenses under § 768.28, Florida Statutes. Plaintiffs allege that the individual Defendants acted in their school-related roles and then attempt to impose individual tort liability through a negligence count pleaded collectively against all Defendants. See *Am. Compl.* [DE 10], ¶¶ 7, 146-154. But § 768.28(9)(a) requires an individualized analysis of whether a particular employee or agent acted outside the course and scope of employment, or acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Count VI does not plead individualized facts satisfying that standard as to Tack, Bode, or Morris. *Id*. Instead, it relies on generalized allegations that "Defendants" acted wrongfully. See *Id*. ¶¶ 146-154. That is insufficient.

For the same reason, Plaintiffs' likely argument that willful and wanton conduct is a factual issue does not save the pleading. Before any factual issue can be reached, **Plaintiffs must plead a claim that gives each Defendant fair notice of the factual basis for liability**. Plaintiffs' collective allegations do not do that. They do not identify which acts are attributed to Tack, which acts are attributed to Bode, which acts are attributed to Morris and which acts are attributed to Babcock as opposed to the now-dismissed School Board or separately represented Defendant Guetler. *See Am. Compl.* [DE 10], ¶¶ 146-154. Without that separation, the Court cannot determine whether Count VI plausibly states a negligence claim against any particular Defendant, and each Defendant is left to guess what conduct Plaintiffs contend gives rise to liability.

For these reasons, the Amended Complaint is an improper shotgun pleading. Count VI, at minimum, should be dismissed because it incorporates all preceding allegations, commingles multiple Defendants and theories of liability and fails to identify the specific conduct allegedly attributable to Babcock, Tack, Bode, and Morris. Alternatively, Plaintiffs should be required to file a second amended complaint that separates each cause of action, identifies the specific Defendant or Defendants against whom each claim is asserted and pleads the factual basis for each claim without impermissibly incorporating unrelated allegations from prior counts.

**IV.    COUNT VI FAILS BECAUSE PLAINTIFFS DID NOT SATISFY THE § 768.28(6) CONDITIONS PRECEDENT AS TO BABCOCK AND DID NOT PLEAD FACTS OVERCOMING § 768.28(9)(a) AS TO TACK, BODE AND MORRIS**

In Count VI of the Amended Complaint, Plaintiffs attempt to assert a negligence claim against Babcock, Tack, Bode, Guetler, and Morris, while also naming the now-dismissed School Board. See *Am. Compl.* [DE 10], ¶¶ 146-154. To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs must plead enough factual matter to state a claim that is plausible on its face. Plaintiffs may not rely on labels, conclusions, or a formulaic recitation of the elements of a claim under *Twombly* and *Ashcroft*. Rule 12(b)(6) authorizes dismissal where the pleading fails to state a claim upon which relief can be granted. Count VI does not satisfy that standard. The basis for Plaintiffs' negligence claim is alleged to be a duty owed to Plaintiff C.M. "to exercise reasonable care in supervising, disciplining, and responding to C.M.'s needs while Plaintiff was under Defendants' custody and control and to provide a free

and appropriate public education to Plaintiff, C.M." *Am. Compl.* [DE 10], ¶ 149. Plaintiffs then allege, collectively, that "Defendants" breached duties allegedly owed to C.M. See *Id.* ¶¶ 148-154. However, these allegations do not identify what duty each Defendant owed, what act or omission by each Defendant allegedly breached that duty, or how each Defendant's alleged conduct caused Plaintiffs' claimed damages. See id. ¶¶ 146-154.

The Amended Complaint also does not plead any independent legal duty owed by Tack, Bode, or Morris to Plaintiffs Stacy and John McKinnes individually. Count VI alleges a duty owed to C.M. while he was under "Defendants' custody and control" and in connection with his education. See *Id.* ¶ 149. It does not separately allege a cognizable duty owed by these individual Defendants to the parent Plaintiffs, nor does it plead facts showing how any such duty was breached. See *Id.* ¶¶ 146-154. Accordingly, to the extent Count VI is asserted by Stacy and John McKinnes individually against Tack, Bode, or Morris, it fails to state a claim.

Furthermore, Count VI is governed by Florida's sovereign immunity framework. Florida Statute § 1002.33(12)(h) provides that, "[f]or the purposes of tort liability, the charter school, including its governing body and employees, shall be governed by s. 768.28." Thus, Plaintiffs' negligence claim against Babcock and its school personnel is subject to § 768.28. Section 768.28(9)(a) provides that no officer, employee, or agent of the state or any of its subdivisions shall be personally liable in tort, or named as a party defendant, for injury or damage suffered as a result of any act, event, or omission within the scope of employment or function unless the officer,

13

employee, or agent acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Plaintiffs sue Tack, Bode, and Morris in their individual capacities and Count VI challenges conduct allegedly taken in connection with supervising, disciplining, responding to, and educating C.M. See *Am. Compl.* [DE 10], ¶¶ 146-154. Those allegations place the individual Defendants squarely within § 768.28(9)(a)'s immunity framework because Count VI is based on alleged school-related conduct, not conduct independent of Defendants' alleged school functions.

Plaintiffs attempt to avoid immunity by using conclusory language such as "reckless," "willful," and "wanton." See *Id*. ¶¶ 7, 146-154. But such labels are insufficient under Rule 12(b)(6). The statute requires facts showing conduct committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. See § 768.28(9)(a), Fla. Stat. The Eleventh Circuit has explained that "wanton and willful disregard" is conduct worse than gross negligence: wanton means a conscious and intentional indifference to consequences with knowledge that damage is likely, and willful means intentional, knowing, and purposeful conduct. *Coleman v. Hillsborough Cnty.*, 41 F.4th 1319, 1325 (11th Cir. 2022).

Count VI does not plead facts satisfying that heightened standard as to Tack, Bode, or Morris. Instead, it pleads a negligence theory based on the alleged failure to exercise reasonable care. See *Am. Compl.* [DE 10], ¶¶ 146-154. The Amended Complaint does not allege individualized facts showing that Tack, Bode, or Morris

14

acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard. See *Id*. At most, Plaintiffs allege dissatisfaction with school-based decisions, school discipline, behavioral responses, communications, and access restrictions arising from incidents involving C.M. See *Id*. Those allegations, even accepted as true for purposes of Rule 12(b)(6), do not plausibly strip the individual Defendants of statutory immunity under § 768.28(9)(a).

This is particularly true because Count VI commingles the alleged conduct of all Defendants. Plaintiffs include allegations concerning Defendant Guetler allegedly telling C.M. he "would be going to jail," allegedly mischaracterizing incidents, discussing potential charges or diversion paperwork with Plaintiffs, and serving or participating in a no-trespass warning. See *Am. Compl*. [DE 10], ¶¶ 29, 47, 52-58, 78-79, 148-152. But Count VI does not identify which of those allegations, if any, are attributable to Tack, Bode, or Morris. See *Id*. ¶¶ 146-154. Plaintiffs cannot overcome individual immunity by pleading a collective negligence count against all Defendants and relying on allegations primarily directed to a separately represented school resource officer. Plaintiffs already argued in response to Guetler's Motion that Count VI was sufficiently detailed and that whether conduct was willful and wanton should be decided by the trier of fact. See *Pls.' Resp. to Def. Guetler's Mot*. to Dismiss [DE 32], pp. 5-10. But that response underscores the defect that Plaintiffs still relied on collective allegations and allegations specific to Guetler rather than individualized facts showing that each school employee acted with the extraordinary culpability required by § 768.28(9)(a). Count VI also fails as to Babcock because Plaintiffs have not properly

pleaded or satisfied the presuit notice conditions precedent required by § 768.28(6), Florida Statutes. Section 768.28(6)(a) provides that an action may not be instituted against the state or one of its agencies or subdivisions unless the claimant first presents the claim in writing to the appropriate agency and, except as to claims against a municipality, county, or the Florida Space Authority, to the Department of Financial Services, and the claim is denied in writing or deemed denied. Section 768.28(6)(b) expressly provides that the notice and denial requirements are "conditions precedent to maintaining an action." Because Babcock is a charter school governed by § 768.28 for tort-liability purposes, Plaintiffs were required to comply with those statutory prerequisites before instituting and maintaining Count VI against Babcock.

The Amended Complaint does not properly allege compliance with § 768.28(6). Plaintiffs allege only that, "[a]s a condition precedent to this action, PLAINTIFFS provided written notice of claim to DEFENDANTS in compliance with Section 768.28(c). DEFENDANTS denied the claim. Therefore, all conditions precedent have been satisfied." See *Am. Compl.* [DE 10], ¶ 147. That allegation is defective. Section 768.28(c) is not the presuit notice and denial provision. The applicable presuit notice and denial requirements are contained in § 768.28(6)(a) and § 768.28(6)(b). See § 768.28(6)(a)-(b), Fla. Stat.

Nor does the Amended Complaint attach any presuit notice letter, any written denial, or any document showing that Plaintiffs submitted a qualifying presuit claim before filing suit. See *Am. Compl.* [DE 10], ¶ 147. In federal court, Rule 9(c) permits conditions precedent to be alleged generally, but **requires a denial of performance or**

**occurrence of a condition precedent to be made with particularity**. Defendants therefore specifically deny that Plaintiffs satisfied § 768.28(6). Specifically, Defendants deny that Plaintiffs presented a qualifying written presuit claim to Babcock before instituting this action; deny that Plaintiffs presented a qualifying written presuit claim to the Department of Financial Services to the extent required by § 768.28(6)(a); and deny that any qualifying presuit claim was denied in writing or deemed denied before Plaintiffs filed suit.

Defendants' denial is reinforced by the parties' conferral history. As part of the Local Rule 3.01(g) conferral process, Defendants requested on May 8, 2026, and again on May 11, 2026, that Plaintiffs provide proof of any written presuit notice, agency notice, Department of Financial Services notice, written denial, or deemed denial sufficient to establish compliance with § 768.28(6). As of the filing of this Motion, Plaintiffs have not provided proof that they satisfied those statutory conditions precedent. Accordingly, Defendants deny performance of the § 768.28(6) conditions precedent with the particularity required by Rule 9(c).

This failure is substantive, not technical. Section 768.28(6)(a) provides that an action "may not be instituted" unless the claimant first presents written notice and the claim is denied or deemed denied. A filed complaint cannot serve as the statutory presuit notice because the statute requires notice before the action is instituted. Plaintiffs' allegation that they sent notice to "DEFENDANTS" under "Section 768.28(c)," without attaching the alleged notice, identifying when it was served, identifying the recipient, alleging notice to the Department of Financial Services if

required, or alleging when the claim was denied or deemed denied, does not establish compliance with § 768.28(6). See *Am. Compl.* [DE 10], ¶ 147.

Accordingly, Count VI fails to state a claim upon which relief can be granted. As to Tack, Bode, and Morris, Count VI fails because Plaintiffs plead a collective negligence claim and do not allege individualized facts sufficient to overcome § 768.28(9)(a) immunity. As to Babcock, Count VI fails because Plaintiffs have not properly pleaded or satisfied the § 768.28(6) conditions precedent required to maintain a tort claim against a charter school governed by § 768.28. Count VI should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, the Amended Complaint fails to satisfy the federal pleading requirements of Rules 8(a), 10(b), and 12(b)(6). Counts II through VI improperly incorporate all preceding allegations, and Count VI asserts a collective negligence claim against multiple Defendants without identifying the specific acts or omissions allegedly attributable to Babcock, Tack, Bode, or Morris. See *Am. Compl.* [DE 10], ¶¶ 99, 118, 126, 133, 146-154. Count VI also fails to state a claim because Plaintiffs plead only generalized allegations that "Defendants" owed and breached duties allegedly owed to C.M., without pleading facts sufficient to establish a plausible negligence claim against each Defendant. See *Id.* ¶¶ 148-154.

Count VI further fails as to Babcock because Plaintiffs have not properly pleaded or satisfied the presuit notice conditions precedent required by § 768.28(6), Florida Statutes. Plaintiffs allege only that they provided notice under "Section

768.28(c)," which is not the applicable presuit notice provision, and they do not attach or identify any qualifying presuit notice, notice to the Department of Financial Services if required, written denial, or deemed denial before this action was instituted. See id. ¶ 147. Defendants specifically deny compliance with § 768.28(6) pursuant to Federal Rule of Civil Procedure 9(c).

Count VI also fails as to Tack, Bode, and Morris because Plaintiffs sue them in their individual capacities for conduct allegedly arising from their school-related functions, but do not plead individualized facts sufficient to overcome the immunity provided by § 768.28(9)(a), Florida Statutes. Plaintiffs' conclusory references to reckless, willful, or wanton conduct do not substitute for nonconclusory facts showing bad faith, malicious purpose, or wanton and willful disregard by each individual Defendant. See *Id*. ¶¶ 146-154.

WHEREFORE, Defendants BABCOCK NEIGHBORHOOD SCHOOL, INC., HEATHER TACK, TARA BODE, and CAITLAN MORRIS respectfully request that this Court enter an Order: (1) dismissing the Amended Complaint as an improper shotgun pleading; (2) dismissing Count VI as to Babcock for failure to satisfy the conditions precedent required by § 768.28(6), Florida Statutes, or alternatively abating Count VI pending compliance; (3) dismissing Count VI as to Tack, Bode, and Morris under § 768.28(9)(a), Florida Statutes; and (4) granting such other and further relief as the Court deems just and proper.

19

Respectfully submitted,

/s/ *Jeffrey W. Hurcomb*
JEFFREY W. HURCOMB
Florida Bar No: 060344
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_JWH@rrbpa.com
Email: jhurcomb@rrbpa.com
Counsel for Defendants Babcock Neighborhood School, Inc., Heather Tack, Tara Bode and Caitlan Morris

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that, pursuant to Local Rule 3.01(g), counsel for Defendants Babcock Neighborhood School, Inc., Heather Tack, Tara Bode, and Caitlan Morris conferred in good faith with Plaintiffs' counsel, Joseph Montgomery, regarding the relief requested in this Motion. Counsel for Defendants first contacted Plaintiffs' counsel by email on May 8, 2026, regarding Defendants' anticipated Motion to Dismiss and Defendants' request that Plaintiffs provide proof of compliance with § 768.28(6), Florida Statutes. Counsel for Defendants then conferred with Plaintiffs' counsel by telephone on May 11, 2026. During that conference, Plaintiffs' counsel requested a copy of Defendants' proposed Motion. Counsel for Defendants provided Plaintiffs' counsel with a copy of the proposed Motion by email on May 12, 2026. On May 18, 2026, counsel for Defendants again contacted Plaintiffs' counsel and requested a further conference regarding the proposed Motion. The parties were unable to resolve the issues raised in this Motion. Plaintiffs' counsel has not provided the requested proof of compliance with § 768.28(6), Florida Statutes. Accordingly, Defendants understand the relief requested in this Motion to be opposed.

Respectfully submitted,

/s/ Jeffrey W. Hurcomb
JEFFREY W. HURCOMB
Florida Bar No: 060344
JOSEPH R. MURPHY
Florida Bar No: 0103564
5237 Summerlin Commons Blvd., Suite 118
Fort Myers, FL 33907

21

Phone: 239-275-2268/Fax: 561-688-2343
E-Service: service_JWH@rrbpa.com
Email: jhurcomb@rrbpa.com
Counsel for Defendants Babcock Neighborhood School, Inc., Heather Tack, Tara Bode and Caitlan Morris

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished

by CM/ECF to all parties on the attached Counsel List this 18th day of May, 2026.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
5237 Summerlin Commons Blvd., Suite 118
Fort Myers, FL 33907
Phone: 239-275-2268/Fax: 561-688-2343
E-Service: service_JWH@rrbpa.com
Email: jhurcomb@rrbpa.com
Counsel for Defendants Babcock Neighborhood School, Inc., Heather Tack, Tara Bode and Caitlan Morris

/s/ *Jeffrey W. Hurcomb*
JEFFREY W. HURCOMB
Florida Bar No: 060344
JOSEPH R. MURPHY
Florida Bar No: 0103564

22

STYLE:    STACY AND JOHN MCKINNES V BABCOCK NEIGHBORHOOD SCHOOL, INC., ET AL.

CASE NO.:    2:26-cv-00467-SPC-NPM

OUR FILE NO.: 26-188

## COUNSEL LIST

JOSEPH W. MONTGOMERY, ESQ.
Montgomery Law Office, PLLC
631 US Highway 1, Suite 202
North Palm Beach, FL 33408
T: (561) 440-1820
F: (888) 959-5529
joe@educationlawyers.com

Attorney for Plaintiffs
********************************
SUMMER M. BARRANCO, ESQ.
Purdy, Jolly, Giuffreda, Barranco & Jisa, PA
2455 Sunrise Boulevard, Ste. 1216
Fort Lauderdale, FL  33304
T: (954) 462-3200
Email:  summer@purdylaw.com
isabella@purdylaw.com
FBN: 984663

Counsel for Defendant Guetler

********************************
JEFFREY W. HURCOMB, ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
5237 Summerlin Commons Blvd. #118
Fort Myers, FL 33907
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_JWH@rrbpa.com
EMAIL: jhurcomb@rrbpa.com
cleahy@rrbpa.com
aroth@rrbpa.com
jmarchman@rrbpa.com
SCHEDULING: kwallon@rrbpa.com
FBN: 380687/11026
Counsel for Defendant Babcock
Neighborhood School, Inc., Tack, Bode, and
Morris

23